J-S27012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MYLES RAMZEE | : | |
| | : | |
| Appellant | : | No. 3224 EDA 2016 |

Appeal from the PCRA Order September 15, 2016
In the Court of Common Pleas of Carbon County
Criminal Division at No(s): CP-13-CR-0000047-1998

BEFORE: GANTMAN, P.J., OTT, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED MAY 02, 2017**

Appellant, Myles Ramzee, appeals from the order of the Carbon County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On March 19, 1999, a jury convicted Appellant of first-degree murder, robbery, aggravated assault, and conspiracy. The court sentenced Appellant on May 17, 1999, to life imprisonment without the possibility of parole for the murder conviction plus a consecutive term of 12½ to 25 years' imprisonment. This Court affirmed the judgment of sentence on April 19, 2000, and our Supreme Court denied allowance of appeal on November 14, 2000. *See Commonwealth v. Ramzee*, 758 A.2d 724 (Pa.Super. 2000), *appeal denied*, 568 Pa. 659, 795 A.2d 974 (2000). Appellant sought no

_____

*Retired Senior Judge assigned to the Superior Court.

J-S27012-17

further review. From 2001 to 2012, Appellant filed numerous unsuccessful petitions for collateral relief.

Appellant filed the current *pro se* PCRA petition on March 23, 2016, seeking relief under **Miller v. Alabama**, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). The court appointed counsel, who filed a motion to withdraw and **Turner/Finley**[1] no-merit letter on July 18, 2016. The court issued Pa.R.Crim.P. 907 notice on July 27, 2016. Appellant responded *pro se* on August 3, 2016, and for the first time, raised **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). On September 15, 2016, the court denied PCRA relief and allowed counsel to withdraw. Appellant timely filed a *pro se* notice of appeal on October 5, 2016. On October 17, 2016, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b); Appellant did not comply.[2]

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] We observe Appellant is proceeding *pro se* on appeal but failed to file a court-ordered Rule 1925(b) statement. **See Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (deeming issues waived per Rule 1925(b)).

year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances which excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on or about February 12, 2001, following the 90-days for filing a petition for *certiorari* with the United States Supreme Court. ***See*** U.S.Sup.Ct. Rule 13. Appellant filed the current *pro se* PCRA petition on March 23, 2016, more than 15 years after his judgment of sentence became final, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception per Section 9545(b)(1)(iii), insisting ***Miller/Montgomery*** afford him relief. Nevertheless, Appellant admits he was 23 years old at the time of his offenses. Thus, ***Miller/Montgomery*** relief does not apply to Appellant. Moreover, this Court has rejected Appellant's argument that ***Miller/Montgomery*** relief should be extended to those under 25 years old because the brain is not developed fully until that age. ***See Commonwealth v. Furgess***, 149 A.3d 90 (Pa.Super. 2016)

- 3 -

(holding 19-year-old appellant was not entitled to relief under **Miller/Montgomery** on collateral review; rejecting argument that he should be considered "technical juvenile"). Likewise, **Alleyne** law affords Appellant no relief. **See Commonwealth v. Washington**, ___ Pa. ___, 142 A.3d 810 (2016) (holding new constitutional rule announced in **Alleyne** is not substantive or watershed procedural rule that warrants retroactive application to collateral attacks on mandatory minimum sentences where judgment of sentence became final before **Alleyne** was decided).[3] Thus, Appellant's current petition remains untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/2/2017

---

[3] Appellant also did not satisfy the 60-day rule regarding his **Alleyne** issue. **See** 42 Pa.C.S.A. § 9545(b)(2).